If he was acting in bad faith he would be chargeable with commissions on plaintiffs' theory, but if acting in good faith, the controlling influences of the sale were not those set in motion by plaintiffs.

*Rehearing denied.*

### Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, Plaintiff in Error, v. Otto H. Hedrich, trading as Otto H. Hedrich & Company, Defendant in Error.

### Gen. No. 21,715.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN C. WORK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed November 14, 1916.

### Statement of the Case.

Action by the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company, a corporation, plaintiff, against Otto H. Hedrich, trading as Otto H. Hedrich & Company, defendant, in the Municipal Court of Chicago, to recover transportation charges on a carload of coal consigned to defendant. To reverse a judgment for defendant on his set-off, plaintiff prosecutes this writ of error.

After the arrival of the shipment, defendant reconsigned to the Pennsylvania Company, a connecting carrier, "charges to follow." Defendant pleaded as a set-off the amount of demurrage charges paid to the Pennsylvania Company. It also paid to plaintiff, after suit brought and before trial, the amount of the transportation charges, and the cause was tried on the set-off. It was admitted that plaintiff knew nothing of and had no interest in the demurrage charges, and never received any part of them.

White v. Boydson et al., 202 Ill. App. 49.

LOESCH, SCOFIELD & LOESCH, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 50*—*when reconsignment creates new contract.* Where a consignee, after the arrival of a shipment at its destination, orders the initial carrier to turn it over to a connecting carrier for delivery to a different party, such reconsignment creates a new contract.

2. CARRIERS, § 188*—*when liability of initial carrier for acts of connecting carrier ceases.* An initial carrier is not liable for the acts of a connecting carrier after transportation has ceased.

3. CARRIERS, § 208*—*what is the nature of demurrage charges.* Demurrage charges are no part of and are separate and distinct from transportation charges, arising, if at all, after the transportation has ended.

---

**Ellen White, by Mary F. White, Plaintiff in Error, v. Frank T. Boydson and John W. Snyder, Defendants in Error.**

**Gen. No. 21,728.    (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed November 14, 1916.

### Statement of the Case.

Action by Ellen White, by Mary F. White, her next friend, plaintiff, against Frank T. Boydson and John

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.